***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except with the modification of the amount of the award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pre-trial agreement and at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission and the North Carolina Industrial Commission has jurisdiction in this matter.
2. All parties are correctly designated and there is no question as to misjoinder or nonjoinder of the parties.
3. This action was filed with the North Carolina Industrial Commission pursuant to the provisions of the North Carolina Tort Claims Act. The incident giving rise to this claim occurred when a school bus operated by the Charlotte Mecklenburg Board of Education collided with the bus operated by plaintiff for the Charlotte Area Transit System on November 14, 1994 at approximately 8:45 a.m. .
4. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
5. Plaintiff's loss of income exhibit as well as tax returns and other information relating to earnings by plaintiff were stipulated into evidence as Stipulated Exhibit 2.
6. The Accident Report was stipulated into evidence as Stipulated Exhibit 3.
7. Pharmaceutical bills and information were stipulated into evidence as Stipulated Exhibit 4.
8. The Mortuary Tables in N.C. Gen. Stat. § 8-46 were stipulated into evidence as Stipulated Exhibit 5.
9. The Report of the Transit Management Authority for Charlotte concerning compensation and medical payments as of May 11, 2000 was stipulated into evidence as Stipulated Exhibit 6.
10. A partial summary of treatment provided by Keith Chiropractic Clinic was stipulated into evidence as Stipulated Exhibit 7.
11. Defendant has admitted liability in this case and therefore, the only issue to be determined is the extent of damages in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modification and finds as follows:
 FINDINGS OF FACT
1. On November 14, 1994, plaintiff was employed by The Charlotte Area Transit System as a bus driver. Plaintiff was operating a Charlotte Transit bus proceeding west on 30th Street. Charles E. Workman, Jr. operated a school bus for defendant in this matter and was in the scope of his employment for Charlotte Mecklenburg Board of Education when the bus that he was driving struck plaintiff's bus. Plaintiff's bus was stopped at the time of the collision.
2. At the time of impact, the school bus was traveling at a speed of 30 to 35 miles per hour. Both vehicles involved in this accident are buses and the bus operated by plaintiff sustained damage to its frame.
3. Plaintiff was wearing a lap belt at the time of the collision. A shoulder restraint was not available in the bus operated by plaintiff.
4. Plaintiff sustained injuries to her neck and back as result of the accident on November 14, 1994. Plaintiff has been diagnosed with a lumbar strain.
5. This case was accepted as a compensable workers' compensation claim and as of May 11, 2000, plaintiff had received $73,830.83 in workers' compensation payments, $11,914.95 in medical treatment and $7,324.00 in other rehabilitation totaling $93,070.34.
6. The medical treatment plaintiff has received was provided by Eugene Alexander, M.D., Glenn McCain, M.D., William Long, M.D., Nalle Clinic, Robert Humble, M.D., Raymond Sweet, M.D., Pro-Med, Rehability and Oweida Orthopedic Associates.
7. Plaintiff has also received chiropractic treatment from Keith Chiropractic Clinic.
8. Since her injury, plaintiff has not been able to pass the Department of Transportation examination in order to allow her to return to work as a bus driver.
9. Plaintiff obtained and accepted a job with Payless Rental, an auto rental sales company, on August 28, 1996.
10. Plaintiff worked for Payless Rental until late December 1998.
11. Plaintiff found employment as a substitute teacher with the Charlotte Mecklenburg Board of Education on January 4, 1999 and worked through the end of the academic year in 1999, approximately June 9, 1999.
12. Plaintiff became employed by Calvary Church Day Care on July 15, 1999 and worked continuously until October 1999. Plaintiff began to encounter severe pain and was out of work from October 16, 1999 until February 4, 2000.
13. Dr. Long has continued to treat plaintiff at various intervals and in particular during the time she was out of work while employed by Calvary Church Day Care.
14. Plaintiff returned to work for Calvary Church Day Care on February 4, 2000 and continued in that employment at the date of the hearing before the Deputy Commissioner.
15. Plaintiff's back condition has worsened. Dr. Long has indicated that plaintiff will most likely require pain medication and anti-inflammatory medication to control the pain for the foreseeable future. Dr. Long has recommended a pain management program and that plaintiff see a physician at least once every two months for the foreseeable future in order to monitor plaintiff's medications.
16. Since the time of the accident, plaintiff's income has diminished from $33,520.24 per year to less than $11,000.00 per year. Plaintiff's loss of income from 1995 through November 24, 2000 was $139,714.80.
17. Plaintiff is thirty-eight (38) years old and has a life expectancy of 35.06 years.
18. Plaintiff experienced pain and suffering as a result of problems as a result of the injuries she sustained on November 14, 1994.
19. The reasonable value of the pain and suffering, injuries and other damages plaintiff sustained as result of defendant's named employee's negligence is $200,000.00.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On November 14, 1994, the negligence of defendant's named employee, Charles E. Workman, Jr., was the proximate cause of plaintiff's injuries. N.C.G.S. § 143-291 et seq.
2. Due to the negligence of defendant's named employee, defendant is liable to plaintiff for damages in the amount $200,000.00. N.C.G.S. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Defendant shall pay plaintiff the sum of $200,000.00.
2. Defendant shall pay costs.
This the ___ day of April 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER